# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

JOE L. WALTERS,                )
                               )
       Plaintiff,         )
                               )
v.                             )     Case No. CIV-15-115-KEW
                               )
CAROLYN W. COLVIN, Acting      )
Commissioner of Social         )
Security Administration,       )
                               )
       Defendant.         )

## OPINION AND ORDER

Plaintiff Joe L. Walters (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on July 4, 1974 and was 39 years old at the time of the ALJ's decision. Claimant obtained his GED. Claimant has worked in the past as a fast food cook, shift manager, horticulture worker, and bowling machine operator. Claimant alleges an inability to work beginning July 6, 2011 due to limitations resulting from chronic obstructive pulmonary disease ("COPD"),

hepatitis, depression, bipolar disorder, low back pain, high blood pressure, and a heart condition.

## Procedural History

On March 27, 2013, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and on August 11, 2011, Claimant filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On May 13, 2013 and August 29, 2013, administrative hearings were held before Administrative Law Judge ("ALJ") David W. Engel in Tulsa, Oklahoma. By decision dated September 30, 2013, the ALJ denied Claimant's request for benefits. The Appeals Council denied review of the ALJ's decision on January 22, 2015. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform a restricted range of sedentary work.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in improperly rejecting the opinion of the state agency physician regarding Claimant's mental functioning limitations.

**Evaluation of the Reviewing Physician's Opinion**

In his decision, the ALJ found Claimant suffered from the severe impairments of COPD, sleep apnea, bipolar disorder, a substance abuse disorder, obesity, non-insulin diabetes, hepatitis C, cardiovascular disease, ventricular ectopy, patelofemoral syndrome, and degenerative disc disease of the lumbar spine. (Tr. 17). The ALJ determined Claimant retained the RFC to perform a restricted range of sedentary work. (Tr.19). In so doing, the ALJ found Claimant could walk/stand for two hours in an eight hour workday with regular breaks; sit for six hours in an eight hour workday with regular breaks; climb ramps or stairs only occasionally; bend, stoop, crouch, or crawl not more than occasionally; unable to climb ropes, ladders, and scaffolds; and could not work in environments where he would have to be exposed to unprotected heights and dangerous moving machinery parts. Claimant was able to understand, remember, and carry out simple instructions in a work-related setting and was able to interact with co-workers and supervisors, under routine supervision but he was unable to

5

interact with the general public, regardless of whether that interaction was in person or over a telephone. The ALJ found Claimant was afflicted with symptoms from a variety of sources to include pain, fatigue, shortness of breath on exertion in addition to the elements of depression or anxiety that were of sufficient severity so as to be noticeable to him at all times, but nevertheless was able to remain attentive and responsive in a work setting and would be able to perform work assignments within thesee limitations. Id.

After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of document preparer and tube operator, both of which the vocational expert testified existed in sufficient numbers nationally and regionally. (Tr. 28). The ALJ, therefore, concluded Claimant was not disabled from July 6, 2011 through the date of the decision. (Tr. 29).

Claimant contends the ALJ failed to properly consider the opinion of the state agency reviewing physician. Specifically, on November 28, 2011, Dr. Pamela D. Green authored a mental RFC assessment on Claimant after reviewing the medical record. Dr. Green found Claimant was markedly limited in the functional areas of the ability to understand and remember detailed instructions, ability to carry out detailed instructions, and ability to interact appropriately with the general public. (Tr. 418-19). In her

6

narrative statement, Dr. Green determined Claimant could perform simple tasks with routine supervision, could relate to supervisors and peers on a superficial work basis, could not relate to the general public, and could adapt to a work situation. (Tr. 420).

The ALJ's recognition of this opinion consisted of the following:

> State agency medical consultants determined that the claimant was capable of simple work involving superficial contact with co-workers but could not relate to the general public and noted that his physical impairments were non-severe.

(Tr. 26-27).

The ALJ is required to consider every medical opinion in reaching his assessment and must provide specific, legitimate reasons for rejecting an opinion. Doyal v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003). The ALJ must also explain in the decision the weight given to the medical opinions. Soc. Sec. R. 96-6p, 1996 WL 374180. An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). The failure to include the additional restrictions contained in Dr. Green's opinion or explain why they were not included in the RFC constitutes reversible error. Moreover, the ALJ did not state the specific weight given to Dr.

7

Green's opinions and any basis for rejecting her conclusions of marked limitations. The error was not harmless since the ALJ identified jobs which Claimant could ostensibly perform with a reasoning level of R2 which require the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and R3 which require the ability to carry out more complex instructions or to "[d]eal with problems involving several concrete variables in or from standardized situations." *Dictionary of Occupational Titles*, Appendix C. The additional limitation upon the ability to understand and carry out detailed instructions is in direct conflict with the requirements of R2 and R3 occupations. If Dr. Green's additional restrictions were included in Claimant's RFC, he would not be able to perform the identified jobs.

Defendant asserts that the check off portion of Dr. Green's form does not require consideration as the narrative portion carries the functional limitation opinion of the medical professional. This Court rejects such a constrictive interpretation of the ALJ's required consideration of medical source evidence. The ALJ is required to consider the totality of the opinion. On remand, the ALJ shall consider all of Dr. Green's findings, set forth the weight afforded the opinion, and provide

specific, detailed and legitimate bases for any conclusions drawn in relation to the opinion evidence.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 8th day of September, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE