**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

JOE L. WALTERS,                          )
                                         )
                    Plaintiff,           )
                                         )
v.                                       )    Case No. CIV-15-115-KEW
                                         )
CAROLYN W. COLVIN, Acting                )
Commissioner of Social                   )
Security Administration,                 )
                                         )
                    Defendant.           )

**OPINION AND ORDER**

This matter comes before the Court on Claimant's Application
for Award of Attorney's Fees Pursuant to the Equal Access to
Justice Act (Docket Entry #24). By Order and Opinion entered
September 8, 2016, this Court reversed the decision of the
Commissioner to deny Claimant's applications for disability
insurance benefits under Title II and for supplemental security
income under Title XVI of the Social Security Act and remanded the
case for further proceedings.

In the Motion, Claimant seeks attorney's fees for 36.50 hours
of time expended by his attorney at the stipulated fee rate and
2.20 hours for paralegal work for a total request of $7,155.00
under the authority of the Equal Access to Justice Act ("EAJA").
The Commissioner contests the award of EAJA fees, contending her
position in the underlying case was substantially justified.
Because Claimant was required to file a reply to respond to the
Commissioner's objection, he filed a Supplemental Application for
Attorney Fees to include $998.40 to research and prepare the reply

brief.  Additionally, Claimant altered the hourly rate charged in the original Application to reflect a new stipulated rate.  The Commissioner did not respond to the Supplemental Application.

EAJA provides that a prevailing party other than the United States shall be awarded fees and costs unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  With respect to EAJA applications in Social Security cases, Defendant has the burden of showing that her position was substantially justified.  Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988).  Defendant must prove that, even if her position is incorrect, her case had a reasonable basis in law and in fact.  Id.  To establish substantial justification, Defendant must show that there is a genuine dispute and that reasonable people could differ concerning the propriety of a particular agency action.  Pierce v. Underwood, 487 U.S. 552, 565 (1987).  The government's "position can be justified even though it is not correct . . . and it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct . . ."  Id. at 566 n.2.

Clearly, Claimant constituted the prevailing party in accordance with this Court's decision.  The Commissioner contends that the ALJ was reasonable in determining that the findings of marked limitation contained in Section I the assessment form completed by Dr. Pamela Green did not have to be included in the

2

RFC assessment but rather only the narrative findings in the Section III portion of the form. The case authority does not state that the Section I findings should be ignored but rather that the Court cannot "turn a blind eye" to the findings. The Section I findings provide important detail as to the specific areas of limitation. Carver v. Colvin, 600 Fed. App'x. 616, 619 (10th Cir. 2015). The Commissioner's position to the contrary was not substantially supported or substantially justified.

Since the Commissioner did not object to the reasonableness of the supplemental fee request, the additional fees for the preparation of Claimant's reply will be awarded.

IT IS THEREFORE ORDERED that Claimant's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Docket Entry #24) and Claimant's Supplemental Application for Attorney Fees (Docket Entry #28) are hereby **GRANTED** and that the Government be ordered to pay Claimant's attorney's fees in the total amount of $8,155.80.

In accordance the ruling of the Tenth Circuit Court of Appeals, the award with shall be made to Claimant as the prevailing party and not directly to Claimant's counsel. Manning v. Astrue, 510 F.3d 1246, 1255 (10th Cir. 2007); 28 U.S.C. § 2412(b). In addition, should Claimant's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), counsel shall refund the smaller amount to Claimant. Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 21st day of November, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE